IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

CENOBIO H. HERRERA, SR., :
:
Petitioner, :
:
v. : Civil Action No. 14-1412-RGA
:
JACK FOX, Corporate Entity, :
:
Respondent. :

## MEMORANDUM

Petitioner Cenobio H. Herrera ("Herrera") has filed a document titled "Petition for Emergency Writ of Habeas Corpus" ("petition"). (D.I. 1) Herrara is a federal prisoner at the Federal Correctional Institution in Lompoc, California, and he alleges that respondent "is a corporation for profit"[1] which has unlawfully detained him since May 2002 because no "bona fide mittimus, or committal papers" are known to exist. *Id.* at 2. Herrera asserts that this court can review the instant proceeding because it has "original jurisdiction and authority" over foreign relations matters of Delaware corporations operating in the State of California, and respondent is a corporation linked to corporations incorporated in the State of Delaware. *Id.* Herrera seeks his immediate release. *Id.* at 3.

Federal courts are required to liberally construe *pro se* filings. *See Royce v. Hahn*, 151 F.3d 116, 118 (3d Cir. 1998). Nevertheless, a district court may summarily dismiss a habeas petition "if it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief." *See* Rule 4, 28 U.S.C.

---

[1]"Jack Fox" can be found on the internet as being the Warden of USP Lompoc.

foll. § 2255.

Summary dismissal is appropriate in this case. A federal prisoner challenging the legality of his conviction or sentence must file a motion to vacate, correct, or modify a sentence pursuant to 28 U.S.C. § 2255 in the sentencing court. *See* 28 U.S.C. § 2255(a); *Davis v. United States*, 417 U.S. 333, 343-44 (1974); *In re Dorsainvil*, 119 F.3d 245, 249 (3d Cir. 1997). Wherever Herrera may have been prosecuted, it was not in the District of Delaware. Therefore, to the extent Herrera is seeking relief under 28 U.S.C. § 2255, this court does not have jurisdiction.

Alternatively, a federal prisoner challenging his physical custody and the manner in which his sentence is being executed must file a petition for the writ of habeas corpus pursuant to 28 U.S.C. § 2241 in the district of confinement. *Rumsfeld v. Padilla*, 542 U.S. 426, 446-47 (2004); *see United States v. Jack*, 774 F.2d 605, 607 n.1 (3d Cir. 1985)(a habeas corpus petition pursuant to § 2241 is appropriate in the district of confinement). The Federal Correctional Institution in Lompoc, California, is located in the Central District of California. Consequently, to the extent Herrera is challenging his physical custody pursuant to 28 U.S.C. § 2241, the court does not have jurisdiction over the proceeding.

For the reasons set forth above, this court does not have jurisdiction, and therefore will summarily dismiss Herrera's petition for emergency writ of habeas corpus for lack of jurisdiction, and will not issue a certificate of appealability. *See* 28 U.S.C. § 2253(c)(2); *United States v. Eyer*, 113 F.3d 470 (3d Cir. 1997); 3d Cir. L.A.R. 22.2

(2011). A separate order follows.

_December 10, 2014_
DATE

_Richard G. Anderson_
UNITED STATES DISTRICT JUDGE